PER CURIAM.
This case is before the Court for consideration of a referee’s report in a disciplinary proceeding brought by The Florida Bar. This Court has jurisdiction of bar discipline proceedings. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint against respondent attorney Clay Holtsinger charging professional misconduct based on the possession and use of illegal drugs. Respondent filed a conditional guilty plea for a consent judgment. The Bar approved the conditional plea, which thereupon constituted a stipulation as to respondent’s misconduct and the discipline to be recommended.
The referee accepted the conditional guilty plea for consent judgment. The por *1330 tions of the referee’s report pertaining to factual findings and recommended discipline read as follows:
II. Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all the pleadings and evidence before me, I find the respondent has violated The Florida Bar Code of Professional Responsibility in the above-referenced case.
III. Recommendation as to Whether or Not the Respondent Should Be Found Guilty: I find that the respondent be found guilty of the following violations of the Code of Professional Responsibility: That Clay Holtsinger, has violated the following Disciplinary Rules:
DR 1-102(A)(1) (violation of a Disciplinary Rule);
DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice);
DR 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law);
Integration Rule 11.02(3)(b) (misconduct constituting a felony or a misdemean- or).
IV. Recommendation as to Disciplinary Measures to be Applied: I recommend that Clay Holtsinger be disciplined by
a. Suspension from the practice of law for ninety (90) days to commence thirty (30) days after order of The Supreme Court approving this plea agreement.
b. A two (2) year term of probation to begin upon order of The Supreme Court approving this plea agreement. The probationary period to automatically terminate after one (1) year provided that respondent has not violated the special condition of the probation as set forth in this agreement.
c. A special condition of probation that respondent undergo a periodic drug evaluation to determine his use of any illegal narcotic. This evaluation shall be performed bi-monthly for a period of six (6) consecutive months beginning no later than fifteen (15) days subsequent to the first day of the probationary period. The evaluation procedure shall be a routine drug screening to be performed by Smithkline Bio-Science Laboratories of Tampa, Florida. In the event that any periodic drug screening indicates the use by respondent of illegal narcotics during this probationary period, then respondent shall, at his option, be again evaluated by submitting to a second drug screening for the purpose of verifying the results of the first screening. In the event that respondent shall complete the six (6) month special condition period, without a verified indication of his use of illegal narcotics during the probationary period, then this special condition shall cease to be a condition of probation and respondent shall be relieved of any responsibility to continue drug evaluation.
d.Respondent is to pay all costs reasonably associated with these disciplinary proceedings as provided by Rule 11.06(9)(a) of the Integration Rule of The Florida Bar. These costs to be paid within one (1) year from the final order of The Supreme Court approving this plea agreement.
V.Personal History and Past Disciplinary Record: After a finding of guilt and prior to recommending discipline to be recommended pursuant to Rule 11.-06(9)(a)(4), and Rule 3-7.5(k) Rules of Discipline, I considered the following personal history and prior disciplinary record of the respondent to wit:
(1) Age: 33
(2) Date Admitted to Bar: April 4, 1980
(3) Prior Disciplinary Record: None
Neither party seeks review of the referee’s report. We therefore approve and adopt the referee’s findings of fact and recommended discipline. Respondent will be suspended for ninety days. Respondent is placed on probation under the terms and conditions set forth in the referee’s report. So that respondent can close out his practice in an orderly fashion, taking the necessary steps to protect the interests of his clients, the suspension shall commence thir *1331 ty days from the date of filing of this opinion. Respondent shall accept no new legal business from the date of this opinion. Respondent must provide notice of this suspension to his clients in the manner provided by Rule of Discipline 3-5.1(h) of the Rules Regulating The Florida Bar.
The costs of this proceeding are assessed against respondent. Judgment is entered against Clay Holtsinger in the amount of $595.37, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.